UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH L. WELKER,<br><br>  Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,[1]<br><br>  Defendant. | CASE NO. 3:16-cv-05145 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Notice of Initial Assignment to a U.S.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken, pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6. This matter has been fully briefed. *See* Dkt. 17, 24, 25.

After considering and reviewing the record, the Court concludes that the ALJ erred by giving significant weight to the opinions of plaintiff's physical therapist, but then failing to include all of the limitations opined by the physical therapist in plaintiff's residual functional capacity determination. Although a physical therapist is not an acceptable medical source, germane reasons still must be supplied for any failure to credit functional limitations provided in a lay opinion. Because crediting the opinions from plaintiff's physical therapist likely would result in a finding of disability, the ALJ's error in evaluating this opinion is not harmless error.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, KENNETH L. WELKER, was born in 1960 and was 58 years old on the alleged date of disability onset of November 15, 2008. *See* AR. 147-53. Plaintiff has at least a high school education. Plaintiff has work history as an iron worker. AR. 164-65.

Regarding why plaintiff left his last previous work, plaintiff testified at his hearing that he left work because he could not do it anymore, due to mental health issues. AR. 27. Plaintiff explained this testimony further, indicating that while his workers compensation claim was pending, the company let him go, indicating that he would "be a liability" and telling him that he needed help. AR. 29-30. He specified that his mental health and

anxiety were affecting him before he left work, and that he was missing a lot of work and not obeying his supervisor's instructions. AR. 30.

According to the ALJ, through the date last insured, plaintiff had at least the severe impairments of "history of right shoulder surgery x2, and history of carpal tunnel syndrome with repair (20 CFR 404.1520(c))." AR. 73.

At the time of the hearing, plaintiff was living with his wife. *See* AR. 39.

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) was denied initially and following reconsideration. *See* AR. 52-58, 60-67. Plaintiff's requested hearing was held before Administrative Law Judge Riley J. Atkins ("the ALJ") on August 11, 2014. *See* AR. 15-50. On September 2, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 68-84.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly evaluated the lay evidence; (4) Whether or not the ALJ properly assessed plaintiff's residual functional capacity (RFC) and erred by basing his step five finding on his erroneous RFC assessment; and (5) Whether or not the ALJ erred by failing to obtain testimony from a medical expert. *See* Dkt. 17, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1)   Whether or not the ALJ properly evaluated the medical evidence.**

Plaintiff contends that the ALJ erred by failing to include in plaintiff's residual functional capacity ("RFC") all of the limitations opined by physical therapist, Mr. Don Houck, PT, even though the ALJ indicates in his written opinion that he is giving "significant weight" to Mr. Houck's opinions. AR. 76. Plaintiff also contends that the ALJ erred by failing to discuss any of the medical evidence dated after March 31, 2011, plaintiff's date last insured. *See* AR. 73. Both of these contentions are persuasive, despite defendant's argument to the contrary. *See* Dkt. 24, pp. 5-7.

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources" and "other sources" such as nurse practitioners, physician assistants, therapists and chiropractors, who are considered other medical sources, *see* 20 C.F.R. § 404.1513 (d). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); Social

Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by both types of "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner, supra*, 613 F.3d at 1224 (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and (e)).

On October 4, 2010, Mr. Houck conducted a six-hour performance-based physical/functional capacities evaluation of plaintiff. *See* AR. 373; *see also* AR. 373-92. Among the many objective findings, test results, observations and opinions, Mr. Houck noted that plaintiff was not able to maintain "position on his knees and frequently position changes because of reported bilateral knee pain." AR. 385. He noted that plaintiff only engaged in partial squatting because of his reported bilateral knee pain. AR. 387. Regarding his observation of plaintiff's behavior during testing, Mr. Houck observed that plaintiff had an increased heart rate, respiration and perspiration, but "demonstrated a willingness to continue despite signs of functional limitations." *Id*. When noting plaintiff's body mechanics, Dr. Houck observed that plaintiff's frequent squatting increased plaintiff's "knee pain and he started to bend his back more than squat during lifting activities." AR. 388. When plaintiff's walking was tested, plaintiff's "gait

was normal until ~2 minutes of walking at 2 miles per hour, then a slight limp on the right started; when the treadmill was elevated 5 percent, limping increased." *Id*. Regarding observations pretest versus posttest, Mr. Houck observed that "posttest there was a decline in walking speed due to reported fatigue and knee pain, he had a mild limp and he held his right arm at his side, forearm across his chest [and] there was a significant decline in grip strength with reported increase in bilateral hand pain and fatigue." He also noted that when performing sit/stand, plaintiff's "bottom touched the chair pretest, but he did not go down as far post test due to reported bilateral knee pain ([which was] not part of this claim)." AR. 389. In his summary, he noted that plaintiff achieved a maximum tolerance for standing of 35 minutes at one time. AR. 390. Mr. Houck observed that plaintiff demonstrated a progressive decrease in his tolerance to standing, observing that before the "handling/lifting tests [plaintiff] did not report difficulty standing, [but] during the frequent rate of lifting, he requested to sit down during the rest periods." *Id*. Similarly, the maximum tolerance with respect to walking achieved during the evaluation was 10 minutes at one time, with 35 minutes total time spent walking. *Id*. Mr. Houck observed that plaintiff demonstrated mild limping after the material handling test and that plaintiff's limping increased during the frequent lifting. *Id*. His objective findings included significant limitation in right shoulder AROM; significant decrease in hand grip and pinch strength, below average right/left hand and were not within standard range; mild decrease in bilateral hand sensation; decreased tolerance for material handling, demonstrated in the light work categories; decreased walking/standing tolerances due to reported bilateral knee pain; and decreased musculoskeletal endurance. AR. 393.

In his summary, Mr. Houck opined that plaintiff could stand for one half to three quarters hours at a time, for 4 to 6 hours in an 8 hour day; could walk one quarter to one half hour at a time, 2 to 4 hours in an 8 hour day; and could alternate stand/walk for 1 to 2 hours at a time, for 4 to 6 hours in an 8 hour day. AR. 376. He also opined various lifting limitations, such as lifting 10 pounds occasionally from shoulder to overhead; lifting 15 pounds occasionally from waist to shoulder; and lifting 20 pounds occasionally from 5 inches from the floor to waist height. *Id*. Similarly, Mr. Houck opined that plaintiff could lift 0 pounds frequently from shoulder to overhead or from 5 inches from the floor to waist height; but could lift 8 pounds frequently from waist to shoulder height. *Id*. Mr. Houck also opined that plaintiff could squat only occasionally to frequently; could kneel and crouch only seldomly; could reach below overhead with his right arm only occasionally; could only occasionally to frequently perform fine manipulations with either hand; could only frequently handle our grasp with his left hand; and could only occasionally handle our grasp with his right hand. *Id.*

As noted by plaintiff, defendant does not refute plaintiff's argument that the ALJ failed to state any reason for rejecting any part of Mr. Houck's opinion, and that the ALJ did not explain why these opinions regarding plaintiff's functional limitations just delineated were not included into plaintiff's RFC. *See* Dkt. 25, p. 3; *see also* Dkt. 24, p. 7. Instead, defendant simply argues that the ALJ was not required to restrict further plaintiff's RFC based on Mr. Houck's opinion because Mr. Houck, as a physical therapist, is not an acceptable medical source. However, in order to reject a lay opinion regarding a claimant's functional limitations, the ALJ must explain his rejection by

offering a germane reason. *See Turner, supra*, 613 F.3d at 1224 (quoting *Lewis*, 236 F.3d at 511) (An ALJ may disregard opinion evidence provided by "other sources," characterized as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so'"). Here, by failing to do so, the ALJ committed legal error.

Furthermore, an ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571. Here, Mr. Houck's opinions regarding plaintiff's functional limitations are significant probative evidence that should not have been rejected without sufficient rationale. In fact, the ALJ failed to discuss many of the opinions from Mr. Houck that are delineated herein. This is clear error.

The Court concludes that the ALJ's error when evaluating Mr. Houck's opinion and evaluation is not harmless error.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh*

*v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh*, even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Due to the wide range of limitations opined by Mr. Houck, the Court cannot conclude with confidence "that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *See Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56). Therefore, this matter must be reversed. However, although it is likely that Mr. Houck's opinion renders plaintiff disabled, Mr. Houck provided his opinion on October 11, 2010. *See* AR. 376. Although this date is prior to plaintiff's date last insured of March 31, 2011, it is almost 2 years subsequent to plaintiff's alleged onset date of November 15, 2008. *See* AR. 71. Therefore, it is unclear on which date plaintiff became disabled. As a result, this matter shall be reversed and remanded for further administrative proceedings, as opposed to reversed with a direction to award benefits, as requested by plaintiff. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)) (remand with a direction to award benefits only is appropriate if there are no outstanding issues that must be resolved before a determination of disability can be made).

The ALJ gives significant weight to the opinion of Mr. Houck in his written decision, noting that Mr. Houck's "evaluation of the claimant was comprehensive and

consisted of functional tests familiar to Mr. Houck's profession." AR. 76. This weight and these findings by the ALJ are supported by substantial evidence in the record. Therefore, following remand of this matter, the ALJ should determine whether or not plaintiff was disabled when all of the opinions from Mr. Houck are given significant weight.

In addition, the ALJ limited his decision "to consideration of the evidence from [] March 31, 2011 and before." AR. 75. Because this is plaintiff's date last insured, the ALJ concluded that he did not need to consider any evidence after that date, noting that "there is no further evidence and no further medical opinions to consider." AR. 76. Despite defendant's argument to the contrary, this too, is legal error.

Regarding the timing of a doctor's evaluation, the Ninth Circuit specifically has "held that 'medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition.'" *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996) (quoting *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988)) (footnote omitted); *cf. Taylor v. Comm'r SSA*, 659 F.3d 1228, 1232 (9th Cir. 2011) ("if the Appeals Council rejected Dr. Thompson's opinion because it believed it to concern a time after Taylor's insurance expired, its rejection was improper").

The Ninth Circuit in *Smith* concluded that "it is clear that reports containing observations made after the period for disability are relevant to assess the claimant's disability." *See Smith*, *supra,* 849 F.2d at 1225-26 (collecting cases) (citing *Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975)). Although opinions rendered contemporaneously may have greater relevance, such fact does not render medical

opinions from a different period of time irrelevant. If giving significant weight to all the opinions of Mr. Houck is not sufficient to render plaintiff disabled, this error, too, should be corrected following remand of this matter.

**(2)     Whether or not the ALJ properly evaluated plaintiff's testimony.**

Plaintiff complains that the ALJ erred by failing to credit fully plaintiff's allegations and testimony.

If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) ("There is no conflict in the caselaw, and we reject the government's argument that *Bunnell* excised the "clear and convincing" requirement"); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Bunnell v. Sullivan*, *supra*, 947 F.2d at 343, 346-47). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

Defendant contends there is no error, because "the ALJ noted that plaintiff did not complain of any mental health disorder before his date last insured." Dkt. 24, p. 4 (citing AR. 74). However, simply because there is no record of plaintiff's mental health complaints prior to his date last insured does not mean that he was not suffering from a mental impairment at that time. Furthermore, the ALJ erred by failing to consider at all

any of the medical evidence subsequent to plaintiff's date last insured. This rationale is not clear and convincing.

The only other rationale defendant notes as justifying the ALJ's failure to credit fully plaintiff's allegations and testimony is the implied finding by the ALJ that plaintiff's allegations are not substantiated by the medical record. *See id*. The ALJ noted that given plaintiff's "allegations of totally disabling symptoms, one would expect to see some indication in the treatment records of restrictions placed on the claimant by a treating doctor that would rise to a level that could be considered 'disabled'; however, there is no such opinion found with the record as applies to the period in question." AR. 76. The first problem with this rationale is that the ALJ did not consider any of plaintiff's medical record after his date last insured. The second problem with this rationale is that once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit then a claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of symptoms. *See Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (citing *Cotton, supra*, 799 F.2d at 1407); Social Security Ruling ("SSR") 16-3p, 2016 SSR LEXIS 4 at *12-*13 (this Ruling emphasizes that the Administration "will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual").

Therefore, the Court concludes that the ALJ also erred when evaluating plaintiff's allegations and testimony. This error, too, should be corrected following remand of this matter.

**(3)  Whether or not the ALJ properly evaluated the lay evidence provided by plaintiff's spouse.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and plaintiff's allegations and that this matter should be reversed and remanded for further consideration, *see supra*, sections 1 and 2. For this reason, the Court concludes that the ALJ should evaluate anew any additional lay evidence, including that provided by plaintiff's spouse.

**(4)  Whether or not the ALJ properly assessed plaintiff's residual functional capacity (RFC) and erred by basing his step five finding on his erroneous RFC assessment and whether or not the ALJ erred by failing to obtain testimony from a medical expert.**

As a necessity, following remand of this matter, the ALJ will need to formulate a new RFC and reevaluate again the remainder of the five step disability evaluation process. Therefore, this issue need not be discussed further.

When a claimant is found disabled but the date of onset is unclear, the ALJ must call a medical expert before inferring an onset date. *Armstrong v. Comm'r of SSA*, 160 F.3d 587, 589-90 (9th Cir. 1998) ("the date of onset is unclear and [] the ALJ therefore committed reversible error by failing to call a medical expert before inferring an onset date"); *see also* SSR 83-20, 1983 LEXIS 25 (1983).

As noted by the Ninth Circuit:

> Social Security Regulation ("SSR") 83-20 (1983) provides in relevant part that in determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available . . . . The established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record.
> . . . .
> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, *e.g.,* the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made.

*Id.* at 589-90 (quoting SSR 83-20, 1983 LEXIS 25 (1983)) (ellipses in original).

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 13th day of March, 2017.

_____
J. Richard Creatura
United States Magistrate Judge